# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CAROL HOTZE HERMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KIRKWOOD R-7 SCHOOL DISTRICT, | ) |
| | ) |
| & | ) |
| | ) |
| DAVID SHAPLEIGH, | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and for her Petition for Damages, states as follows:

### I.     Introduction

1. This case surrounds the sexual abuse, harassment, and discrimination of Plaintiff Carol Hotze Hermann ("Plaintiff") while she was a high school student at Kirkwood R-7 School District located in St. Louis, Missouri in the Eastern District of Missouri.

2. During the time of her abuse, Plaintiff was a resident of St. Louis County, Missouri.

3. Plaintiff was sexually abused, harassed, and discriminated against by Defendant David Shapleigh ("Shapleigh") who was an employee of the Kirkwood R-7 School District at the time of the occurrences.

4. At the time of the incidents, Defendant David Shapleigh was a resident of the State of Missouri.

5. Defendant Kirkwood R-7 School District ("KSD") was and is a public school district located in the Eastern District of Missouri. KSD was and is organized and existing under

the laws of the State of Missouri. At the time of the incidents referred to herein, KSD was a recipient of federal financial assistance.

6. Shapleigh and KSD are jointly and severally liable for the damages suffered by Plaintiff.

7. By accepting and receiving federal financial assistance, KSD must comply with Title IX of the Education Amendments of 1972 (20 USC 1681-1688), hereinafter referred to as "Title IX").

8. Title IX prohibits discrimination based on sex in an educational institution receiving federal financial assistance.

9. The incidents of abuse referred to herein occurred when Plaintiff was a minor.

10. The incidents of abuse referred to herein occurred both on the premises of KSD and off the premises of KSD.

11. Shapleigh met Plaintiff solely due to his employment with KSD.

12. KSD, Shapleigh, and KSD employees and administrators were state actors under the law for the incidents referred to in this Petition.

13. The abuse, harassment, and discrimination of Plaintiff took place from Spring of 1984 to Spring of 1985.

14. Shortly after the abuse ended and prior to turning 18 years of age, Plaintiff repressed the memories of her abuse.

15. In May/June 2018, Plaintiff recovered the memories of her abuse during therapy.

16. In that Plaintiff had repressed memories, the statute of limitations was tolled for the time period that the memories were repressed.

17. In that Plaintiff had repressed memories and was also a minor at the time of these incidents, both of which constitute legal disabilities that toll the statute of limitations, this action is timely filed.

18. Shapleigh was a state-created danger.

19. KSD is vicariously liable for the acts and omissions of its employees and administrators.

20. The abuse, discrimination, and/or harassment of Plaintiff by Shapleigh included, but is not limited to:

    a. Sexually suggestive comments to Plaintiff;

    b. Inappropriate touching of Plaintiff's body, including breasts and genitals;

    c. Sexual contact with Plaintiff;

    d. Sexual intercourse with Plaintiff;

    e. Raping Plaintiff;

    f. Sodomizing Plaintiff;

    g. Commenting on Plaintiff's physical appearance, including how "beautiful" and "sexy" Plaintiff looked;

    h. Providing Plaintiff alcohol before, during, and/or after sexual advances or acts;

    i. Oral sex with Plaintiff;

    j. Kissing Plaintiff;

    k. Smelling Plaintiff's hair and kissing her cheek and/or lips;

    l. Forcing Plaintiff into sexual positions or forcing his hand/fingers into Plaintiff's vagina;

    m. Convincing Plaintiff to let him take Plaintiff home from school;

    n. Showing up to Plaintiff's work to romantically flirt with Plaintiff; and

- o. Having Plaintiff over to his apartment for purposes of committing sexual acts with Plaintiff.

21. Shapleigh's acts are in violation of Title IX, 42 USC 1983, and Missouri law prohibiting sexual contact with minors.

22. KSD's acts and omissions are in violation of Title IX, 42 USC 1983, and Missouri law.

23. Venue and jurisdiction is proper in this Court in that the incidents occurred in the Eastern District of Missouri, the parties resided in the Eastern District of Missouri, the case involves questions of Federal law, and the Court exercises supplemental jurisdiction over the state law claims.

24. Upon information and belief, KSD had received prior complaints about Shapleigh's inappropriate and/or sexual behavior towards minors and/or KSD students.

25. Prior to and after the abuse of Plaintiff, KSD has a pattern, practice, and/or custom of its employees sexually harassing, sexually abusing, and/or discriminating against students.

26. Upon information and belief, in the past 40 years, over 25 KSD employees sexually harassed students, sexually abused students, and/or sexually discriminated against students.

27. Upon information and belief, in the past 40 years, KSD has consistently worked to silence sexual abuse victims, cover up and conceal the sexual abuse of students by employees, and has allowed employees to resign after being accused of sexual abuse without documenting the employee's personnel file, nor reporting the abuse to law enforcement or the proper legal authorities/agencies. KSD's acts represent a pattern of conduct designed to prevent the public from knowing of rampant abuse, prevent victims from knowing they have a legal claim against KSD, prevent victims from speaking out about their abuse, and KSD's acts are done with the purpose of protecting abusive employees' careers and future well-being

as well as KSD's reputation, all at the cost of innocent children's well-being, including Plaintiff.

28. KSD's concealment of its own liability to victims, including Plaintiff, constitutes fraudulent concealment under the law in that it was a willful act by KSD to prevent Plaintiff from discovering she had a claim against KSD.

29. The abuse, harassment, and discrimination of Plaintiff denied her the benefit of the educational program and/or activities.

30. The conduct described herein violated Plaintiff's Constitutional Due Process Right to bodily liberty and Constitutional Right to be free of unreasonable seizures.

31. As a direct and proximate cause of the conduct described herein, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

32. Shapleigh's conduct was criminal, intentional, willful, wanton, reckless, and done with complete indifference to the rights of Plaintiff.

33. Prior to the abuse, harassment and discrimination of Plaintiff, KSD was on prior actual notice that KSD employees and/or Shapleigh were harassing female students, abusing female students, and discriminating against female students.

34. In response to the prior notice, KSD was deliberately indifferent to the rights of others.

35. In response to the prior notice, KSD adopted a pattern/policy of "sweeping incidents under the rug", ignoring reports/complaints, ignoring incidents, and failing to take action to hold abusers accountable for their heinous, predatory acts upon KSD students.

36. Upon information and belief, prior to incidents involving Plaintiff, during and/or after incidents involving Plaintiff, KSD had a policy, pattern, and/or custom of protecting

employee's reputations, KSD's reputation, and purposefully not documenting incidents of abuse/harassment/discrimination to prevent any adverse and/or negative attention on the abuser and/or KSD. As an example, KSD would reach private agreements with abusers to either not document to reports of abuse in exchange for resignations, non-disclosure agreements, and/or promises to cease the abuse and deny the abuse.

37. Upon information and belief, Franklin McCallie was a KSD administrator at the time of Plaintiff's abuse.

38. Franklin McCallie has acknowledged that he failed to act and should have done more to protect KSD students.

39. Had Franklin McCallie acted upon what he had witnessed and knew, Plaintiff would not have been subjected to horrific harassment, discrimination, and sexual abuse by Shapleigh.

40. McCallie and/or other administrators at KSD were on notice that students were being abused, harassed, and discriminated against.

41. McCallie and/or other administrators at KSD were on notice prior to the incidents involving Plaintiff and Shapleigh.

42. McCallie and/or other administrators at KSD were on notice during the abuse period of Plaintiff.

43. McCallie and/or other administrators failed to act and/or investigate reports, incidents, complaints, and/or evidence of prior abuse, assaults, harassment and discrimination of students.

44. KSD allowed Shapleigh to resign without any sort of documentation of his abuse of students and/or Plaintiff.

45. KSD's failure to document Shapleigh's file allowed him to obtain positions at other educational institutions, including Westminster Christian Academy in St. Louis, Missouri.

46. Additionally, the statute of limitations for claims against KSD was also tolled due to KSD's fraudulent concealment. Specifically:

    a. Plaintiff incorporates paragraphs 1-45 & 47-74 as if fully set forth herein;

    b. KSD's conduct was in clear violation of Title IX and 42 USC 1983;

    c. The Title IX and 42 USC 1983 violations caused Plaintiff's injuries;

    d. KSD had actual knowledge of Plaintiff's injuries;

    e. With said knowledge, KSD's conduct and KSD's administrator's conduct and statements were designed to conceal from Plaintiff that she had a legal claim against KSD;

    f. KSD's conduct and statements were fraudulent;

    g. KSD knowingly withheld information from Plaintiff and misled her, which prevented Plaintiff from ascertaining the true facts; and

    h. Plaintiff is not guilty of lack of diligence in discovering her claims against KSD.

## COUNT I –SEXUAL ASSAULT & BATTERY UNDER MISSOURI LAW AGAINST SHAPLEIGH

47. Plaintiff restates all previous allegations as if fully set forth herein.

48. Shapleigh's conduct described herein consisted of unlawful acts towards Plaintiff.

49. Shapleigh intended to sexually abuse and assault Plaintiff.

50. Shapleigh's sexual abuse and assaults of Plaintiff were done without legal justification and were criminal acts as a matter of law.

51. As a direct and proximate cause of Shapleigh's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## **COUNT II – VIOLATION OF 42 USC 1983 AGAINST SHAPLEIGH**

52. Plaintiff restates all previous allegations as if fully set forth herein.
53. Shapleigh was a state actor at the time of his abuse, assaults, harassment, and discrimination of Plaintiff.
54. Shapleigh's conduct violated Plaintiff's constitutional due process right to bodily liberty and constitutional right to be free from unreasonable seizures.
55. Shapleigh's conduct is a clear and unequivocal violation of 42 USC 1983.
56. As a direct and proximate cause of Shapleigh's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.
57. Plaintiff is entitled to an award her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT III – VIOLATION OF 42 USC 1983 AGAINST KSD

58. Plaintiff restates all previous allegations as if fully set forth herein.

59. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, KSD was on prior notice that Shapleigh and/or its employees were abusing and harassing students and violating students' constitutional due process right to bodily liberty and constitutional right to be free from unreasonable seizures.

60. Despite prior notice, KSD was deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of students.

61. KSD's failure to act and process of turning a "blind eye" to the abuse of students demonstrated KSD's policy, practice, pattern, and/or custom of allowing employees to sexual abuse and prey upon students.

62. KSD failed to act upon reports of abuse of students.

63. KSD failed to act upon evidence of abuse of students.

64. KSD failed to investigate reports and/or evidence of abuse of students.

65. KSD failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse of students.

66. KSD's conduct is in violation of 42 USC 1983.

67. As a direct and proximate cause of KSD's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

68. Plaintiff is entitled to an award of her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs

associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT IV – VIOLATION OF TITLE IX AGAINST KSD

69. Plaintiff restates all previous allegations as if fully set forth herein.

70. KSD failed to provide Plaintiff an educational environment free of sexual abuse, harassment, and discrimination.

71. Due to KSD's conduct, Plaintiff was denied the benefit of education and associated activities.

72. KSD's conduct was in violation of Title IX.

73. As a direct and proximate cause of KSD's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

74. Plaintiff is entitled to an award of her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

THE O'BRIEN LAW FIRM, PC

BY: /S/ Grant C. Boyd
      Grant C. Boyd #67362
      Thomas L. Stewart #36173
      815 Geyer Ave
      St. Louis, MO  63104
      (314) 588-0558
      (314) 588-0634 FAX
      boyd@obrienlawfirm.com

***Attorneys for Plaintiffs***