**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CAROL HOTZE HERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:20-cv-01216-RLW |
| KIRKWOOD R-7 SCHOOL DISTRICT, | ) | |
| | ) | |
| & | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DAVID SHAPLEIGH, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through undersigned counsel, and for her First Amended Complaint for Damages, states as follows:

## I.    Introduction

1. This case surrounds the sexual abuse, harassment, and discrimination of Plaintiff Carol Hotze Hermann ("Plaintiff") while she was a high school student at Kirkwood R-7 School District located in St. Louis, Missouri in the Eastern District of Missouri.

2. During the time of her abuse, Plaintiff was a resident of St. Louis County, Missouri.

3. Plaintiff was sexually abused, harassed, and discriminated against by Defendant David Shapleigh ("Shapleigh") who was an employee of the Kirkwood R-7 School District at the time of the occurrences.

4. At the time of the incidents, Defendant David Shapleigh was a resident of the State of Missouri.

5. Defendant Kirkwood R-7 School District ("KSD") was and is a public school district located in the Eastern District of Missouri. KSD was and is organized and existing under

the laws of the State of Missouri. At the time of the incidents referred to herein, KSD was a recipient of federal financial assistance.

6.  KSD and its administrators, including Franklin McCallie, were policymakers for the KSD schools, employees, and students, including policies for employee conduct, student safety, and a safe educational environment.

7.  Shapleigh and KSD are jointly and severally liable for the damages suffered by Plaintiff.

8.  By accepting and receiving federal financial assistance, KSD must comply with Title IX of the Education Amendments of 1972 (20 USC 1681-1688), hereinafter referred to as "Title IX").

9.  Title IX prohibits discrimination based on sex in an educational institution receiving federal financial assistance.

10. At the time of Plaintiff's abuse and prior to Plaintiff's abuse, upon information and belief, KSD did not have a Title IX coordinator.

11. The incidents of abuse referred to herein occurred when Plaintiff was a minor.

12. The incidents of abuse referred to herein occurred both on the premises of KSD and off the premises of KSD.

13. Shapleigh met Plaintiff solely due to his employment with KSD.

14. KSD, Shapleigh, and KSD employees and administrators were state actors under the law for the incidents referred to in this Petition.

15. The abuse, harassment, and discrimination of Plaintiff took place from Spring of 1984 to Spring of 1985.

16. Shortly after the abuse ended and prior to turning 18 years of age, Plaintiff repressed the memories of her abuse.

17. In 2018, Plaintiff recovered the memories of her abuse during therapy.

18. In that Plaintiff had repressed memories, the statute of limitations was tolled for the time period that the memories were repressed.

19. In that Plaintiff had repressed memories and was also a minor at the time of these incidents, both of which constitute legal disabilities that toll the statute of limitations, this action is timely filed.

20. Shapleigh was a state-created danger.

21. KSD is vicariously liable for the acts and omissions of its employees and administrators.

22. The abuse, discrimination, and/or harassment of Plaintiff by Shapleigh, which occurred on and off KSD's premises, included, but is not limited to:

    a. Sexually suggestive comments to Plaintiff;

    b. Inappropriate touching of Plaintiff's body, including breasts and genitals;

    c. Sexual contact with Plaintiff;

    d. Sexual intercourse with Plaintiff;

    e. Raping Plaintiff;

    f. Sodomizing Plaintiff;

    g. Commenting on Plaintiff's physical appearance, including how "beautiful" and "sexy" Plaintiff looked;

    h. Providing Plaintiff alcohol before, during, and/or after sexual advances or acts;

    i. Oral sex with Plaintiff;

    j. Kissing Plaintiff;

    k. Smelling Plaintiff's hair and kissing her cheek and/or lips;

3

l.   Forcing Plaintiff into sexual positions or forcing his hand/fingers into Plaintiff's vagina;

m.   Convincing Plaintiff to let him take Plaintiff home from school;

n.   Showing up to Plaintiff's work to romantically flirt with Plaintiff; and

o.   Having Plaintiff over to his apartment for purposes of committing sexual acts with Plaintiff.

23. Shapleigh's acts are in violation of Title IX, 42 USC 1983, and Missouri law.

24. KSD's acts and omissions are in violation of Title IX, 42 USC 1983, and Missouri law.

25. Venue and jurisdiction is proper in this Court in that the incidents occurred in the Eastern District of Missouri, the parties resided in the Eastern District of Missouri, the case involves questions of Federal law, and the Court exercises supplemental jurisdiction over the state law claims.

26. Upon information and belief, KSD administrators, including Franklin McCallie, had received prior complaints about Shapleigh's inappropriate and/or sexual behavior, including sexual discrimination, towards minors and/or KSD students.

27. Thus, KSD and McCallie were on actual notice of the harassment, discrimination, and abuse being committed by Shapleigh prior to Shapleigh's conduct towards Plaintiff.

28. Upon information and belief, prior to the abuse of Plaintiff, Franklin McCallie (KSD high school principal at the time of the incidents involving Plaintiff) had received prior reports/complaints about Shapleigh's sexual harassment, abuse, and discrimination of students and/or witnessed such conduct directly, which put McCallie on actual notice of Shapleigh's conduct and pattern of conduct prior to the harassment/abuse/discrimination of Plaintiff.

29. Prior to, during, and after the abuse of Plaintiff, KSD had a pattern, practice, policy, and/or custom of its employees sexually harassing, sexually abusing, and/or discriminating against students.

30. Upon information and belief, in the past 40 years, over 25 KSD employees sexually harassed students, sexually abused students, and/or sexually discriminated against students, which includes incidents before and after Plaintiff's abuse. Upon information and belief, prior to the incidents involving Plaintiff, KSD administrators were on actual notice that there was a pattern, practice, policy, and/or custom of KSD employees sexually harassing, abusing, and discriminating against female students.

31. Upon information and belief, prior to the abuse/harassment/discrimination of Plaintiff, KSD and its administrators were on actual notice of the following employees' committing acts of sexual harassment, sexual discrimination, sexual assault, and/or constitutional violations of student's due process right to bodily liberty:

    a.   MJB (1974-75): sexually assaulted, harassed, and discriminated against student EC

    b.   JC (1977-1981): sexually assaulted, harassed, and discriminated against students:

        i.   CK;

        ii.   VSB;

        iii.   LO; and

        iv.   RWO

    c.   KC (1977-1984): sexually assaulted, harassed, and discriminated against students:

        i.   SR; and

        ii.   JB

    d.  HCD (1971-1981): sexually assaulted, harassed, and discriminated against student CD

    e.  KK (1963-1981): sexually assaulted, harassed, and discriminated against students:

        i.  DM; and

        ii.  JW

    f.  JS (1981-1985): sexually assaulted, harassed, and discriminated against students:

        i.  CC; and

        ii.  JR

    g.  ST (1980-1985): sexually assaulted, harassed, and discriminated against student PP

32. The incidents in Paragraph 31 establish KSD's custom, policy, practice, and/or pattern of constitutional violations of students' rights to bodily liberty.

33. Prior to the abuse of Plaintiff, KSD and its administrators had received reports from students and/or parents that Shapleigh was sexually harassing female students, making sexually suggestive remarks to female students, and/or sexually assaulting them. In response to this, KSD and its administrators did not act and did not remedy the problem. Instead, KSD and its administrators continued to allow Shapleigh to remain employed and continued to allow Shapleigh to sexually harass and assault students.

34. Upon information and belief, in the past 40 years, KSD has consistently worked to silence sexual abuse victims, cover up and conceal the sexual abuse of students by employees, and has allowed employees to resign after being accused of sexual abuse without documenting the employee's personnel file, nor reporting the abuse to law enforcement or the proper legal authorities/agencies. KSD's acts represent a pattern of conduct designed to prevent the public from knowing of rampant abuse, prevent victims from knowing they have a legal

claim against KSD, prevent victims from speaking out about their abuse, and KSD's acts are done with the purpose of protecting abusive employees' careers and future well-being as well as KSD's reputation, all at the cost of innocent children's well-being, including Plaintiff.

35. KSD's concealment of its own liability to victims, including Plaintiff, constitutes fraudulent concealment under the law in that it was a willful act by KSD to prevent Plaintiff from discovering she had a claim against KSD.

36. The abuse, harassment, and discrimination of Plaintiff denied her the benefit of the educational program and/or activities.

37. The conduct described herein violated Plaintiff's Constitutional Due Process Right to bodily liberty and Constitutional Right to be free of unreasonable seizures.

38. As a direct and proximate cause of the conduct described herein, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

39. Shapleigh's conduct was criminal, intentional, willful, wanton, reckless, and done with complete indifference to the rights of Plaintiff.

40. Prior to the abuse, harassment and discrimination of Plaintiff, KSD was on prior actual notice that KSD employees and/or Shapleigh were harassing female students, abusing female students, and discriminating against female students.

41.  In response to the prior notice, KSD was deliberately indifferent to the rights of others.

42.  In response to the prior notice, KSD adopted a pattern/policy of "sweeping incidents under the rug", ignoring reports/complaints, ignoring incidents, and failing to take action to hold

abusers accountable for their heinous, predatory acts upon KSD students, which amounts to KSD's deliberate indifference.

43. Upon information and belief, prior to incidents involving Plaintiff, during and/or after incidents involving Plaintiff, KSD had a policy, pattern, and/or custom of protecting employee's reputations, KSD's reputation, and purposefully not documenting incidents of abuse/harassment/discrimination to prevent any adverse and/or negative attention on the abuser and/or KSD. As an example, KSD would reach private agreements with abusers to not document the reports of abuse in exchange for resignations, non-disclosure agreements, and/or promises to cease the abuse and deny the abuse.

44. Upon information and belief, Franklin McCallie was a KSD administrator at the time of Plaintiff's abuse.

45. The KSD administrators that were on actual notice of the events of sexual assault/discrimination/harassment, which occurred prior to Plaintiff being abused, including conduct by Shapleigh, had the authority to discipline the employees committing the abuse and authority to take remedial measures.

46. Prior to the abuse of Plaintiff, Franklin McCallie was on actual notice that Shapleigh was sexually harassing female students, discriminating against females, sexually assaulting females, and/or violating the constitutional rights of students.

47. Franklin McCallie has acknowledged that he failed to act and should have done more to protect KSD students that he knew were being preyed upon by KSD employees under his purview.

48. Had Franklin McCallie acted upon what he had witnessed and knew, Plaintiff would not have been subjected to horrific harassment, discrimination, and sexual abuse by Shapleigh.

49. McCallie and/or other administrators at KSD were on actual notice that students were being abused, harassed, and discriminated against.

50. Prior to the abuse period of Plaintiff, McCallie and/or other administrators at KSD were on actual notice of the harassment of students, discrimination of female students, abuse of students, and the pattern, policy, custom, or practice of constitutional rights violations by KSD employees, including Shapleigh.

51. During the abuse period of Plaintiff, McCallie and/or other administrators at KSD were on actual notice of the harassment of students, discrimination of female students, abuse of students, and the pattern, policy, custom, or practice of constitutional rights violations by KSD employees, including Shapleigh.

52. McCallie and/or other administrators failed to act and/or investigate reports, incidents, complaints, and/or evidence of prior abuse, assaults, harassment and discrimination of students, which amounts to deliberate indifference to the rights of students.

53. KSD allowed Shapleigh to resign without any sort of documentation of his abuse of students and/or Plaintiff.

54. KSD's failure to document Shapleigh's file allowed him to obtain positions at other educational institutions, including Westminster Christian Academy in St. Louis, Missouri.

55. Additionally, the statute of limitations for claims against KSD was also tolled due to KSD's fraudulent concealment. Specifically:

   a. Plaintiff incorporates paragraphs 1-54 & 56-93 as if fully set forth herein;

   b. KSD's conduct was in clear violation of Title IX and 42 USC 1983;

   c. The Title IX and 42 USC 1983 violations caused Plaintiff's injuries;

   d. KSD had actual knowledge of Plaintiff's injuries;

    e.  With said knowledge, KSD's conduct and KSD's administrator's conduct and statements were designed to conceal from Plaintiff that she had a legal claim against KSD;

    f.  KSD's conduct and statements were fraudulent;

    g.  KSD knowingly withheld information from Plaintiff and misled her, which prevented Plaintiff from ascertaining the true facts; and

    h.  Plaintiff is not guilty of lack of diligence in discovering her claims against KSD.

## COUNT I – ASSAULT & BATTERY UNDER MISSOURI LAW AGAINST SHAPLEIGH

56. Plaintiff restates all previous allegations as if fully set forth herein.

57. Shapleigh's conduct described herein consisted of unlawful acts towards Plaintiff.

58. Shapleigh intended to sexually abuse and assault Plaintiff.

59. Shapleigh's sexual abuse and assaults of Plaintiff were done without legal justification and were criminal acts as a matter of law.

60. As a direct and proximate cause of Shapleigh's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT II – VIOLATION OF 42 USC 1983 AGAINST SHAPLEIGH

61. Plaintiff restates all previous allegations as if fully set forth herein.

62. Shapleigh was a state actor at the time of his abuse, assaults, harassment, and discrimination of Plaintiff.

63. Shapleigh's conduct violated Plaintiff's constitutional due process right to bodily liberty and constitutional right to be free from unreasonable seizures.

64. Shapleigh's conduct is a clear and unequivocal violation of 42 USC 1983.

65. As a direct and proximate cause of Shapleigh's conduct, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

66. Plaintiff is entitled to an award her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT III – VIOLATION OF 42 USC 1983 AGAINST KSD

67. Plaintiff restates all previous allegations as if fully set forth herein.

68. Prior to the abuse of Plaintiff and/or during the abuse period in which Plaintiff was abused, KSD was on prior notice that Shapleigh and/or its employees were abusing and harassing students and violating students' constitutional due process right to bodily liberty and constitutional right to be free from unreasonable seizures.

69. Upon information and belief, prior to the abuse of Plaintiff, KSD and/or KSD administrators were on actual notice of a pattern, policy, practice, and/or custom of KSD employees violating students' due process rights to bodily liberty.

70. At all relevant times, KSD and its administrators (including McCallie) were policy makers and administrators who had a duty to train, and failed to train, administrators, staff, students, and parents regarding school policies concerning proper employee conduct, sexual discrimination and/or harassment against students, Title IX, and student safety, including safety from abuse by KSD employees.

71. At the time of Plaintiff's abuse and prior thereto, despite the plain and obvious need for training, KSD failed to adequately train employees, administrators, students, and parents on student safety, proper employee-student relationships, sexual harassment/discrimination, safe educational environment, Title IX, and identifying, investigating, reporting, and stopping sexual harassment/discrimination/abuse, like that suffered by Plaintiff.

72. KSD's failure to train proximately caused the violation of Plaintiff's clearly established right to bodily liberty.

73. Shapleigh's conduct towards Plaintiff was consistent with KSD's established policy, practice, pattern, and/or custom of permitting employees to have sexual relationships with students and violating students' constitutional right to bodily liberty.

74. Despite prior actual notice, KSD was deliberately indifferent to the rights of its students, including Plaintiff, and failed to take proper remedial action to cease the abuse of students.

75. KSD and its administrators' deliberate indifference was a conscious choice.

76. KSD's failure to act and process of turning a "blind eye" to the abuse of students demonstrated KSD's policy, practice, pattern, and/or custom of allowing employees to sexual abuse and prey upon students, which is a violation of the students' constitutional rights.

77. KSD failed to act upon reports of abuse of students.

78. KSD failed to act upon evidence of abuse of students.

79. KSD failed to investigate reports and/or evidence of abuse of students.

80. KSD failed to take any remedial action in response to evidence, complaints, incidents, and/or reports of abuse of students.

81. Had KSD acted and/or adequately trained its employees, then Plaintiff would not have been the victim of the afore-described violations of her constitutional right to bodily liberty.

82. Prior to the abuse of Plaintiff, there was continuing, widespread, persistent pattern of unconstitutional misconduct by KSD's employees, which included the sexual harassment, sexual assault, and sexual discrimination of students.

83. During and after the abuse, KSD's custom, policy, practice, and/or pattern of students being sexually abused, sexually assaulted, and sexually discriminated against by KSD employees, resulting in rampant constitutional violations.

84. As a direct and proximate cause of KSD's conduct, policies, practices, patterns, and/or custom of allowing constitutional violations, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to cause future damages as stated herein to Plaintiff.

85. Plaintiff is entitled to an award of her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT IV – VIOLATION OF TITLE IX AGAINST KSD

13

86. Plaintiff restates all previous allegations as if fully set forth herein.

87. KSD failed to provide Plaintiff an educational environment free of sexual abuse, harassment, and discrimination.

88. Due to KSD's conduct, Plaintiff was denied the benefit of education and associated activities.

89. Prior to the abuse of Plaintiff, KSD was on actual notice that female students were being sexually harassed and sexually discriminated against by KSD employees, including Shapleigh.

90. Prior to the abuse of Plaintiff, KSD had actual knowledge that Shapleigh posed a substantial risk of sufficiently severe harm to students based on the assailant's previous known conduct.

91. While the abuse was ongoing, KSD had actual knowledge that Shapleigh posed a substantial risk of sufficiently severe harm to students based on the assailant's previous known conduct.

92. Despite being on actual notice of the prior harassment and discrimination, KSD and its administrators chose not to act and were deliberately indifferent to the rights of others, including Plaintiff in one or more of the following ways:

    a.  Failing to terminate the perpetrator employees;

    b.  Coercing victims into silence;

    c.  Failing to investigate reports of sexual abuse/harassment/discrimination of students;

    d.  Failing to protect students, including Plaintiff, from Shapleigh;

    e.  Creating a climate that tolerated sexual harassment, assault, and discrimination;

     f.   Allowing employees to socialize with students on and off KSD campuses;

     g.   Failing to develop and/or adopt policies and procedures to properly address student safety, sexual abuse/harassment/discrimination of students

93. KSD and its administrators' deliberate indifference was a conscious choice.

94. As a direct and proximate cause of KSD's conduct, lack of action, and the violation of Title IX, Plaintiff suffered physical injuries consistent with the sexual abuse, emotional distress, pain and suffering, medical expenses, and will continue to suffer future damages as stated herein to Plaintiff.

95. Plaintiff is entitled to an award of her reasonable attorneys' fees as a matter of law.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendant for a fair and reasonable amount of damages in excess of $25,000.00, for her costs associated with pursuing this action, for pre-judgment interest and post-judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS**

Respectfully Submitted,

THE O'BRIEN LAW FIRM, PC

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
Thomas L. Stewart #36173
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2020, a copy of the foregoing was electronically filed with the Court and served upon all parties via the Court's electronic filing system.

*/s/ Grant C Boyd*