**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CAROL HOTZE HERMANN, | ) |
| Plaintiff, | ) No. 4:20-CV-1216 RLW |
| v. | ) |
| KIRKWOOD R-7 SCHOOL DISTRICT, et al. | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kirkwood R-7 School District's Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint (All Counts Directed to KSD) for Failure to State a Claim (ECF No. 17). This matter is fully briefed and ready for disposition.

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570 (2007)). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

**BACKGROUND**

Plaintiff Carol Hotze Hermann ("Hermann") alleges she was sexually abused, harassed, and discriminated against from Spring of 1984 to Spring of 1985 by Defendant David Shapleigh ("Shapleigh"), an employee of Kirkwood R-7 School District ("KSD") (First Amended Complaint

("FAC"), ECF No. 15, ¶¶3, 15).  Hermann alleges that shortly after the abuse ended and prior to her turning 18 years of age, she repressed the memories of the abuse by Shapleigh.  (FAC, ¶16). In 2018, Hermann retrieved memories of the abuse during therapy.  (FAC, ¶17).  In the FAC, Hermann alleges that Shapleigh's and KSD's acts and omissions were in violation of Title IX, 42 U.S.C. §1983, and Missouri law.  (FAC, ¶¶23, 24).

Hermann contends KSD administrators, including Principal Franklin McCallie (KSD high school principal at the time of the incidents involving Hermann), received prior complaints about Shapleigh's inappropriate and/or sexual behavior, including sexual discrimination, towards minors and/or KSD students.  (FAC, ¶26).  Hermann alleges that, before Shapleigh's abuse of her, Principal McCallie had received reports and complaints about Shapleigh's sexual harassment, abuse, and discrimination of students and/or witnessed such conduct directly.  (FAC, ¶28).  As a result, Hermann asserts McCallie was on "actual notice" of Shapleigh's conduct and pattern prior to the harassment, abuse, and discrimination of Hermann.  (FAC, ¶28).  Hermann further contends that KSD had a "pattern, practice, policy and/or custom of its employees harassing, sexually abusing, and/or discriminating against students."  (FAC, ¶29).  Indeed, Hermann notes that over 25 KSD employees sexually harassed students, sexually abused students, and/or sexually discriminated against students in the past 40 years.  Hermann outlines seven different KSD employees who sexually assaulted, harassed, and discriminated against students prior to Shapleigh's abuse of Hermann.  (FAC, ¶31).

Hermann filed her Complaint in this Court on September 9, 2020 (ECF No. 1) and filed her First Amended Complaint on December 11, 2020 (ECF No. 15).  Hermann alleges the following causes of action in her First Amended Complaint: assault and battery under Missouri law against Shapleigh (Count I), violation of 42 U.S.C. §1983 against Shapleigh (Count II),

violation of 42 U.S.C. §1983 against KSD (Count III), and violation of Title IX against KSD (Count IV).  KSD filed a Motion to Dismiss Counts III and IV of the FAC.  (ECF No. 17).

## DISCUSSION

### A.  Count III: Violation of 42 U.S.C. §1983

To state a § 1983 claim, a plaintiff must plead "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). A school district may be considered a "person" for purposes of § 1983 liability. *Keckeisen v. Indep. Sch. Dist.*, 509 F.2d 1062, 1065 (8th Cir. 1975).  "[I]n evaluating a § 1983 claim, the precise constitutional violation which is alleged must be identified." *Poehl v. Randolph*, No. 4:05CV00400 ERW, 2006 WL 1236838, at *3 (E.D. Mo. May 3, 2006) (citing *Rogers v. City of Little Rock, Ark.,* 152 F.3d 790, 796 (8th Cir .1998)).

"A school district may be subject to § 1983 liability on the showing of a 'policy or custom' of failing to act upon prior complaints of unconstitutional conduct, *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978), provided the unconstitutional conduct of the school district's employees was widespread and persistent, was met with deliberate indifference or tacit authorization of the school district's policymaking officials, and resulted in constitutional injury." *Doe v. Francis Howell Sch. Dist.*, No. 4:17-CV-01301-JAR, 2018 WL 1519374, at *3 (E.D. Mo. Mar. 28, 2018) (citing *Thelma D. v. Board of Educ.*, 934 F.2d 929, 932–33 (8th Cir. 1991)).  For KSD to be liable under Section 1983, Hermann "must allege facts sufficient to establish that the District had an unconstitutional official policy or widespread custom such that it is pervasive enough to be the force of law." *S.W. by & through Walsh v. Rockwood R-VI Sch. Dist.*, No. 4:17-CV-01483-NCC, 2017 WL 5903984, at *9 (E.D. Mo. Nov. 30, 2017) (citing *Nine*

*v. Wentzville R–IV Sch. Dist.*, No. 4:11–CV–353 CEJ, 2012 WL 1247415, at *2 (E.D. Mo. Apr. 13, 2012)).

Here, Hermann purports to maintain a Section 1983 claim against KSD because the District "violated Plaintiff's 14th Amendment right to substantive due process and 4th Amendment right to be free from unreasonable seizures." (ECF No. 19 at 3). In its Motion to Dismiss, KSD contends that Hermann's FAC omits several factual pleading requirements and must be dismissed for failure to state a claim.

**1. Actual Knowledge**

First, KSD complains that Hermann's allegations are insufficient because the FAC "states in a conclusory fashion that KSD and Principal McCallie 'were on actual notice' of the abuse being committed by Shapleigh prior to Shapleigh's conduct toward" Hermann. (ECF No. 18 at 7 (citing FAC, ¶27)). KSD questions, "If there were prior complaints regarding Shapleigh made known to someone at KSD with policymaking authority, what were the prior complaints? Who received them? What was their title? When were the complaints received? What was the nature of the complaints? What did the KSD official do in response to the complaints?" (ECF No. 18 at 7). KSD contends that Hermann's FAC lacks this specific factual content and must be dismissed.

The Court notes that the "who, what, when where" heightened pleading standard advocated by KSD is not the measure under Fed. R. Civ. P. 8(a). *Cf. Drobnak v. Andersen Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) ("To get past the pleadings stage, however, Rule 9(b) requires a plaintiff to plead the equivalent of the first paragraph of any newspaper story."). Rather, the Court finds that the FAC satisfies the pleading requirements under Rule 8. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime

of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Here, Hermann's FAC provides facts in support of her §1983 claim to withstand KSD's Motion to Dismiss.  For example, Hermann alleges "KSD administrators, including Franklin McCallie, had received prior complaints about Shapleigh's inappropriate and/or sexual behavior, including sexual discrimination, towards minors and/or KSD students." (FAC, ¶26). Hermann alleges "prior to the abuse of Plaintiff, KSD and/or KSD administrators were on actual notice of a pattern, policy, practice, and/or custom of KSD employees violating students' due process rights to bodily liberty."  (FAC, ¶69).  Hermann further alleges that KSD failed to adequately train employees, administrators, staff, students, and parents regarding school policies concerning proper employee conduct, sexual discrimination and/or harassment against students, Title IX, and student safety.  (FAC, ¶¶70-71).  The Court finds these allegations are sufficient to state a claim under Section 1983 at this early stage of litigation.

2. **Final Policymaking Authority**

KSD states Hermann "also alleges in a conclusory fashion that 'KSD and its administrators, including Franklin McCallie' were 'policymakers' for KSD schools."  (ECF No. 18 (FAC, ¶6)). KSD argues that Hermann did not properly plead that Kirkwood High School principal McCallie, or any other administrator with final policymaking authority, had knowledge of prior misconduct by Shapleigh.  KSD complains that Hermann "offers nothing in the way of factual content to show that McCallie had 'final policymaking authority' for KSD or that anyone with 'final policymaking authority had actual notice of prior misconduct by Shapleigh—which the law requires."  (ECF No.

18 at 7 (citing *McCray v. Francis Howell Sch. Dist.*, No. 4:08CV1178 CDP, 2009 WL 1774319, at *4-5 (E.D. Mo. June 23, 2009)).

The Court finds that Hermann sufficiently alleges that principal McCallie had final policymaking authority and knowledge of Shapleigh's prior misconduct to withstand KSD's Motion to Dismiss. Hermann has alleged that McCallie had final policymaking authority, and whether such allegation is true or correct is not before the Court at this early stage of litigation. Further, KSD's reliance on *McCray v. Francis Howell Sch. Dist.*, No. 4:08CV1178 CDP, 2009 WL 1774319 (E.D. Mo. June 23, 2009) is misplaced. In *McCray*, the Court found, "Plaintiffs have not alleged any policy or custom of the School District, nor have they alleged any facts that would indicate that the School District had vested policymaking authority in the various school officials involved here." *Id*. at *5. Hermann has alleged both of those facts in her FAC. *See* FAC, ¶¶33-35 (alleging KSD policymakers had knowledge of Shapleigh's prior misconduct), FAC, ¶¶44-47 (alleging KSD administrators, including McCallie, had the authority to discipline and take remedial measures). Moreover, this Court is not bound by the factual determination in McCray. *See Ctr. for Fam. Med. v. United States*, 614 F.3d 937, 942 (8th Cir. 2010) ("[o]ne district court is not bound by the decision or reasoning of another district court involving other parties with the same issue"); *see also* 26 U.S.C. § 7430(c)(4)(B)(iii).

### 3. Causation

To state a claim against an entity such as the School District (as opposed to an individual) plaintiffs must allege that a policy or custom of the School District is responsible for the alleged constitutional violation. *McCray v. Francis Howell Sch. Dist.*, No. 4:08CV1178 CDP, 2009 WL

1774319, at *4 (E.D. Mo. June 23, 2009) (citing *Monell v. Dep't of Social Services,* 436 U.S. 658, 690–91 (1978)).

KSD claims that Hermann also does not plead facts to demonstrate her abuse was "highly likely to result from the widespread patter of unconstitutional conduct. (ECF No. 20 at 5 citing *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773 (8th Cir. 2001)). KSD further maintains that Hermann's FAC fails as a matter of law because it dies not "establish that Plaintiff's assault was 'highly likely' to result from 'better training procedures.'" (ECF No. 5-6).

Hermann specifically alleges that "[h]ad Franklin McCallie acted upon what he witnessed and knew, Plaintiff would not have been subjected to horrific harassment, discrimination, and sexual abuse by Shapleigh." (FAC, ¶48). This allegation clearly presents a causal nexus between the actions or inactions of KSD administrators and the abuse suffered by Hermann. Therefore, the Court denies KSD's motion to dismiss on this basis.

**4. Theory of Liability**

KSD contends that "it is not entirely clear which 'theory of liability' Plaintiff is asserting in her First Amended Complaint." (ECF No. 18 at 5).

The Court is not persuaded that KSD must choose a theory of liability at this early juncture. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"). Hermann states that she intends to proceed on a "turned a blind eye" theory (ECF No. 19 at 8). Herman alleges "KSD's failure to act and process of turning a 'blind eye' to the abuse of students demonstrated KSD's policy, practice, and/or custom of allowing employees to sexually abuse and prey upon students,

which is a violation of the students' constitutional rights." (FAC, ¶76). And, Hermann also purports to allege a claim under the "investigation methods and procedures" theory. (ECF No. 19 at 9). Hermann alleges "KSD failed to adequately train employees, administrators, students and parents on student safety, proper employee-student relationships, sexual harassment/discrimination, safe educational environment, Title IX, and identifying, investigating, reporting, and stopping sexual harassment/discrimination/abuse, like that suffered by Plaintiff." (FAC, ¶71). The Court does not require Hermann to choose her theory of liability at this juncture and the Court denies KSD's Motion to Dismiss on this basis.

### 5. Specific Constitutional Violations

KSD argues that Hermann's FAC fails to plead her specific constitutional injury and how it "proximately flowed from widespread unconstitutional conduct by KSD officials." (ECF No. 20 at 3). KSD claims that Hermann failed to elucidate "how 'multiple constitutional violations' by KSD officials resulted in a constitutional injury to Plaintiff[.]" (ECF No. 20 at 3). KSD acknowledges that Hermann references in her FAC that she has a "constitutional right to bodily integrity" (FAC, ¶81), to "discrimination against female students" (gender-based discrimination; FAC, ¶30) and to a right to be free from "unreasonable seizures". (FAC, ¶63). KSD, however, contends these allegations fail to state a claim for a violation of a specific constitutional right. KSD contends that Hermann's briefing does not address her claim of gender-based discrimination in her opposition and appears to have abandoned this theory of Section 1983 liability. (ECF No. 20 at 3-4).[1] Likewise, KSD states that Hermann's Fourth Amendment claim under Section 1983

---

[1] The Court acknowledges that Hermann does not address her gender-based discrimination theory in her opposition. To the extent that Hermann purports to allege a separate Section 1983 claim for gender-based discrimination, the Court considers such action abandoned by Hermann.

fails because Hermann has not alleged an unreasonable "seizure" by KSD officials.  (ECF No. 20 at 4).  Finally, KSD contends that Hermann cannot plead a Fourteenth Amendment "constitutional injury" based on violation of her right to bodily integrity by Shapleigh.  (ECF No. 20 at 5).  KSD argues that Shapleigh's abuse of Hermann cannot be the basis of a Fourteenth Amendment claim against KSD because respondeat superior liability does not apply in Section 1983 suits.

The Court holds that Hermann states a claim under Section 1983 against KSD.  The Fourth Amendment's protections apply to the actions of public school officials. *Parrish v. Bentonville Sch. Dist.*, No. 5:15-CV-05083, 2017 WL 1086198, at *16 (W.D. Ark. Mar. 22, 2017) (citing *Shade v. City of Farmington*, 309 F.3d 1054, 1059–62 (8th Cir. 2002). The action alleged against a school under a § 1983 lawsuit must be a deprivation of rights resulting from an official policy. *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 635 (8th Cir. 2010) (*citing McVay v. Sisters of Mercy Health Sys.*, 399 F.3d 904, 909 (8th Cir. 2005)). Hermann argues that her Fourth Amendment right to "bodily integrity" "also protects students from unlawful physical and sexual assaults."  (ECF No. 19 at 10). *See Parrish v. Bentonville Sch. Dist.*, No. 5:15-CV-05083, 2017 WL 1086198, at *16 (W.D. Ark. Mar. 22, 2017), *aff'd*, 896 F.3d 889 (8th Cir. 2018) ("To allege a Fourth Amendment violation, a plaintiff must allege facts which indicate a seizure occurred and that it was unreasonable."; *McCoy v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).  The Court holds that Hermann's right to bodily integrity was implicated by Shapleigh's alleged assaults, which Hermann alleges was enabled by KSD policy.  Therefore, the Court finds that Hermann sufficiently states a claim for deprivation of a right under the Fourth Amendment.

Likewise, KSD tries to frame Hermann's Fourteenth Amendment argument as merely asserting liability against KSD based on Shapleigh's abusive conduct.  Hermann's allegations, however, go beyond a claim of respondeat superior liability.  Hermann alleges that KSD failed to

respond properly and adequately to reported sexual and physical violations by Shapleigh, which resulted in Hermann suffering abuse.  The Court denies KSD's Motion to Dismiss on this basis.

In sum, dismissing Hermann's FAC at this early stage would require an overly-narrow reading of her allegations and fails to acknowledge the claims directed at the behavior of KSD officials and allegedly harmful KSD policy.  Therefore, the Court denies KSD's motion to dismiss Hermann's §1983 claims.

### B.  Count IV: Violation of Title IX against KSD

Where "the plaintiff's Title IX claim is based on harassment, the school is liable in damages only where it is '(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control."  *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (citing *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003) (internal quotation marks omitted)). Additionally, the discrimination must be "so severe, pervasive, and objectively offensive that it can be said to deprive the victim[ ] of access to the educational opportunities or benefits provided by the school." *Davis ex rel. LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629, 650 (1999).

1. Actual Knowledge

"[A] plaintiff must allege that the funding recipient had *prior notice* of a substantial risk of … harassment 'in the recipient's programs,' see *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), based on evidence such as previous similar incidents of assault." *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058 (8th Cir. 2017).

KSD contends that Hermann's Title IX claim should be dismissed because she did not plead sufficient facts to show a KSD official had actual prior notice or knowledge of Shapleigh's

misconduct.  (ECF No. 20 at 7-10).  KSD again claims that "Plaintiff's absence of specific factual content is dispositive."  (ECF No 18 at 11).  KSD contends that Hermann cannot satisfy the notice requirement of Title IX even if a KSD received reports of sexual harassment of students involving different students and different alleged perpetrators.  (ECF No. 20 at 8).  KSD relies on *K.T. v. Culver-Stockton College*, where the Eighth Circuit granted defendant Culver-Stockton College's motion to dismiss where "K.T.'s complaint lack[ed] any assertion that Culver-Stockton knew—prior to the alleged assault on K.T.—that individuals in the College's soccer recruiting program faced a risk of sexual harassment." 865 F.3d 1054, 1059 (8th Cir. 2017).  KSD argues that Hermann cannot satisfy the notice requirement under Title IX based on reports received of sexual harassment involving different students or different perpetrators.  (ECF No. 20 at 7-8).  KSD maintains actual knowledge regarding that perpetrator's prior conduct is required for liability under Title IX.  (ECF No. 20 at 9-10).

Similar to as previously discussed, the Court holds that Hermann's allegations are sufficient, particularly at this early stage of litigation.  Hermann explicitly alleges that "[p]rior to the abuse of Plaintiff, KSD was on actual notice that female students were being sexually harassed and discriminated against by KSD employees, including Shapleigh."  (FAC, ¶89).  Hermann explicitly alleges that KSD administrators knew that Shapleigh and other teachers sexually abused and harassed students.  Although KSD complains that Hermann does not provide "specific factual content," the Court does not require such detailed allegations, even under *Twombly*.  *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citing *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Rule 8 does not, however, require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful.").  Hermann alleges more than simply a "formulaic recitation" of the elements of the cause of action.

Indeed, the Court finds that KSD is mistaking a factual dispute over whether KSD officials had actual notice of allegations against Shapleigh with Hermann's specific factual allegations that KSD officials were on notice. Thus, the Court finds that the FAC sufficiently alleges that KSD administrators, with full authority to take final disciplinary action, had actual notice regarding Shapleigh's discriminatory and abusive conduct and failed to act. Because Hermann's allegations, taken as true, are sufficient "to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570, the Court holds that Hermann's allegations are sufficient to state a claim and denies KSD's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kirkwood R-7 School District's Motion to Dismiss Counts III and IV of Plaintiff's First Amended Complaint (All Counts Directed to KSD) for Failure to State a Claim (ECF No. 17) is **DENIED**.

Dated this 1st day of June, 2021.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**