# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CAROL HOTZE HERMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:20-cv-01216-RLW |
| ) | |
| KIRKWOOD R-7 SCHOOL ) | **JURY TRIAL DEMANDED** |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT KIRKWOOD R-7 SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Kirkwood R-7 School District, by and through its undersigned attorneys of record, and for its Answer to the First Amended Complaint of Carol Hotze Hermann, states as follows:

1. Defendant objects and moves to strike Paragraph 1 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint and on this basis denies same. Defendant denies any allegations not expressly admitted herein.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant states that based on information and belief, Defendant Shapleigh was a Missouri resident during the time period of 1984/1985. However, Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint and on this basis denies same. Defendant denies any allegations not expressly admitted herein.

5. Defendant admits that it is a public school district duly organized according to the laws of Missouri. As to the balance of the allegations, while KSD does receive some federal funding, Defendant objects and moves to strike the allegations insofar as Plaintiff states a pure legal conclusion to which no response is required. Defendant denies any allegations not expressly admitted herein.

6. Defendant objects and moves to strike Paragraph 6 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. In addition, Paragraph 6 is vague and confusing insofar as it refers to "KSD and its administrators" as policymakers for KSD without reference to specific individuals or timeframes. To the extent any response is required, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint. Defendant denies any allegations not expressly admitted herein.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant objects and moves to strike Paragraph 8 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the

applicable Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 8 insofar as Plaintiff misstates applicable law regarding Title IX, which is in writing, and the best evidence of the applicable law is the text of Title IX itself.  Defendant denies any allegations not expressly admitted herein.

9. Defendant objects and moves to strike Paragraph 9 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 9 insofar as Plaintiff misstates applicable law regarding Title IX, which is in writing, and the best evidence of the applicable law is the text of Title IX itself.  Defendant denies any allegations not expressly admitted herein.

10. Defendant objects and moves to strike Paragraph 10 of Plaintiff's First Amended Complaint insofar as it is argumentative and assumes as true certain factual propositions.   In addition, Paragraph 10 calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11. Defendant is without sufficient information to admit or deny allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies same.

12. Defendant is without sufficient information to admit or deny allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies same.

13. Defendant is without sufficient information to admit or deny allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and therefore denies same.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant objects and moves to strike Paragraph 18 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

19. Defendant objects and moves to strike Paragraph 19 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint, including all subparts thereto.

23. Defendant objects and moves to strike Paragraph 23 of Plaintiff's First Amended Complaint insofar as it is argumentative and assumes as true certain factual propositions. In addition, Paragraph 23 calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant objects and moves to strike Paragraph 25 of Plaintiff's First Amended Complaint insofar as it calls for a legal conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies that Plaintiff has any valid legal claim against Defendant and for this reason denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint, including all subparts thereto.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant denies any knowledge of the conduct alleged, and further denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Defendant objects and moves to strike Paragraph 53 of Plaintiff's First Amended Complaint insofar as it is argumentative and assumes as true certain factual propositions. In addition, Paragraph 53 calls for a pure conclusion to which no response is required, rather than stating a short and plain statement of fact showing Plaintiff is entitled to relief as required by the applicable Federal Rules of Civil Procedure. To the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint, including all subparts thereto.

**COUNT I – ASSAULT & BATTERY UNDER MISSOURI LAW AGAINST SHAPLEIGH**

Count I of Plaintiff's First Amended Complaint is not directed to this Defendant and therefore no response is required. To the extent any of the allegations set forth in Count I are directed to this Defendant, Defendant denies each and every such allegation.

**COUNT II – VIOLATION OF 42 USC 1983 AGAINST SHAPLEIGH**

Count II of Plaintiff's First Amended Complaint is not directed to this Defendant and therefore no response is required. To the extent any of the allegations set forth in Count II are directed to this Defendant, Defendant denies each and every such allegation.

**COUNT III – VIOLATION OF 42 USC 1983 AGAINST KSD**

67. Defendant re-alleges and incorporates its responses to Paragraph 1 through 66 of Plaintiff's First Amended Complaint as if fully set forth herein.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of Plaintiff's First Amended Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's First Amended Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's First Amended Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of Plaintiff's First

Amended Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's First Amended Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of Plaintiff's First Amended Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

## COUNT IV – VIOLATION OF TITLE IX AGAINST KSD

86. Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 85 of Plaintiff's First Amended Complaint as if fully set forth herein.

87. Defendant denies the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's First

Amended Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's First Amended Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's First Amended Complaint.

92. Defendant denies the allegations contained in Paragraph 92 of Plaintiff's First Amended Complaint, including all subparts thereto.

93. Defendant denies the allegations contained in Paragraph 93 of Plaintiff's First Amended Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiff's First Amended Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of Plaintiff's First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's First Amended Complaint, and all Counts thereof, fails to state a cause of action and generally fails to state a claim upon which relief may be granted to the plaintiff and against this defendant.

2. This defendant is a public school district subdivision of the State of Missouri and therefore enjoys sovereign immunity from all claims set forth herein pursuant to statutory sovereign immunity, RSMo. 537.600, *et seq.* This includes the fact Plaintiff's claims against this Defendant are barred by sovereign immunity. Further, to the extent it is determined Plaintiff has stated a cause of action under one of the narrow exceptions to sovereign immunity, Plaintiff's claim is subject to the statutory cap set forth under RSMo. 537.610.

      3.      Plaintiff's claims are barred by laches, estoppel and/or waiver.

      4.      Plaintiff's claims against Defendant are barred in whole or in party by the applicable statute of limitations, including, but not limited to RSMo 516.100, 516.120 (1), (2), (4) or (5).

      5.      Plaintiff's claims are barred by the public duty doctrine.

      6.      Plaintiff's claims are barred by the doctrine of official and qualified immunity.

      7.      Plaintiff's claims are barred because defendant's actions were in accordance with Missouri law.

      8.      This defendant hereby invokes the protections of the Missouri Tort Reform Act of 2019, such as MO Senate Bill 591.

      9.      Defendant states that whatever damages or injuries plaintiff may have sustained were as the result of the misconduct and intentional acts of third parties over whom this defendant had neither control nor the right to control. Defendant states that the alleged misconduct of Shapleigh was the intervening, independent and superseding cause of any damages plaintiff may have sustained.

      10.      All action taken by the defendant with respect to the plaintiff was taken in good faith and that defendant's actions did not violate established principles of law of which defendant was or should have been aware.

      11.      Plaintiff's claims are barred because Plaintiff has not complied with applicable jurisdictional prerequisites.

      12.      Plaintiff has failed to mitigate her damages.

      13.      For further answer and for its affirmative defense, Defendant states that if Plaintiff has entered into a release, covenant not to sue or not to enforce a judgment, or satisfaction of judgment with respect to the injuries or damages alleged in Plaintiff's Petition, Defendant has the

right to an offset, credit or reduction of any claims against Defendant by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater, in accordance with MO. REV. STAT. § 537.060.

WHEREFORE, having fully answered, Defendant prays to be dismissed hence with its proper costs.

                            HEPLERBROOM LLC

                            By: *Justin L. Assouad*
                            GERARD T. NOCE              #27636
                            gtn@heplerbroom.com
                            JUSTIN L. ASSOUAD       #48576
                            jla@heplerbroom.com
                            211 North Broadway
                            Suite 2700
                            St. Louis, MO  63102
                            314/241-6160
                            314/241-6116 – Facsimile
                            *Attorneys for Kirkwood R-7 School District*

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed on this 8th day of June, 2021, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Grant C. Boyd
Mr. Thomas L. Stewart
The O'Brien Law Firm, PC
815 Geyer Ave
St. Louis, MO 63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com
*Attorney for Plaintiffs*

Mr. Matthew A. Radefeld
Frank, Juengel & Radefeld Attorneys at Law, P.C.
7710 Carondelet Ave, Suite 350
Clayton, MO 63105
(314) 725-7777
*Attorneys for Defendant David Shapleigh*

*Justin L. Assouad*